MARTIN J. COURNAN and CAROL A. COURNAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cournan v. Commissioner
Docket No. 6692-88
United States Tax Court
T.C. Memo 1989-520; 1989 Tax Ct. Memo LEXIS 520; 58 T.C.M. (CCH) 219; T.C.M. (RIA) 89520; September 25, 1989
*521 Melvin Harris Pizer, for the petitioners. Kevin Murphy, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: By notice of deficiency dated January 12, 1988, respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1983 in the amount of $ 5,470.25. The sole issue for decision is whether petitioners are allowed ordinary loss treatment under section 1244(a) [1] for their claimed loss on a stock investment. FINDINGS OF FACT Some of the facts of this case have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioners resided at Pittsford, New York, when they filed their petition. In November 1981, petitioner [2] joined the board of directors of VonTech, Inc. (VonTech). At that time, VonTech was encountering financial problems. In late 1981, petitioner personally guaranteed $ 20,000 of a $ 100,000 *522 loan from Central Trust Company (Central Trust) to VonTech Systems, Inc., a subsidiary of VonTech. In return for his personal guaranty, VonTech granted petitioner a stock purchase warrant entitling him to purchase on or before December 9, 1985, 4,000 shares of the company's $ .10 par value stock at $ .63 a share. On March 26, 1982, VonTech Systems, Inc., the subsidiary, merged into VonTech, with the surviving company also named VonTech Systems, Inc. In late 1982, Central Trust called its $ 100,000 loan to VonTech Systems, Inc., and demanded payment by petitioner as guarantor. Petitioner paid $ 20,000 on February 8, 1983, in satisfaction of his guaranty. Petitioner attended a board of directors meeting at which plans for compensating the guarantors of the called loan were discussed. By letter dated March 28, 1983, James R. von Feldt (von Feldt), president of VonTech Systems, Inc., proposed several alternatives to petitioner as compensation for his payment as guarantor. Petitioner chose alternative 2, which provided that *523 VonTech Systems, Inc., would issue 8,000 shares of stock to petitioner for his payment of the $ 20,000 guaranty. On November 9, 1983, von Feldt again wrote petitioner, this time describing a different plan for reimbursing petitioner for his payment of the guaranty. The new plan provided for petitioner to receive 1 share of stock for each $ 1.00 of payment of guaranty. On December 20, 1983, petitioner received 20,000 shares of VonTech Systems, Inc. common stock. On June 2, 1983, VonTech Systems, Inc., filed for reorganization under Chapter 11 of the Bankruptcy Code. On August 8, 1983, a petition was filed for liquidation under Chapter 7 of the Bankruptcy Code. The bankruptcy estate was closed on June 8, 1984. Petitioners claimed a $ 20,000 deduction on their jointly filed return for an ordinary loss on petitioner's VonTech Systems, Inc. stock. Petitioners claimed the loss as a miscellaneous deduction on Schedule A with the following annotation: "Section 1244 Small Business Stock Loss (VonTech at 20,000)." Petitioners made no other statement on their 1983 tax return with regard to the claimed loss. In his notice of deficiency, respondent determined that petitioners' claimed loss *524 did not qualify for section 1244 ordinary loss treatment, but instead allowed it as a capital loss. OPINION The issue before us is whether petitioners' claimed loss for the VonTech stock qualifies for ordinary loss treatment pursuant to section 1244(a). Section 165(g)(1) generally provides that if a security which is a capital asset becomes worthless, the resulting loss should be treated as a loss from the sale or exchange of a capital asset on the last day of that taxable year. Section 1244(a) provides an exception to this general rule. Under this exception, an individual taxpayer is allowed to treat a loss from "section 1244 stock" as an ordinary loss rather than as a loss from the sale or exchange of a capital asset. Section 1244(c) provides the definitional requirements for section 1244 stock. Section 1244(e) grants the Secretary broad regulatory authority to carry out the purposes of section 1244. The regulations provide, inter alia, that any taxpayer claiming an ordinary loss under section 1244 "shall file with his income tax return for the year in which a deduction for the loss is claimed a statement setting forth: (1) The address of the corporation that issued *525 the stock; (2) The manner in which the stock was acquired by such person and the nature and amount of the consideration paid; and (3) If the stock was acquired in a nontaxable transaction in exchange for property other than money -- the type of property, its fair market value on the date of transfer to the corporation, and its adjusted basis on such date. [Sec. 1.1244(e)-1(b), Income Tax Regs. Emphasis supplied.] Respondent contends that petitioners failed to file the statement as required by the regulations and are therefore precluded from qualifying under section 1244. Alternatively, respondent asserts that petitioners have failed to prove that they have otherwise met the substantive requirements under section 1244. Petitioners concede that they did not file the required statement with their return. They argue, however, that this omission resulted from their accountant's oversight. Moreover, they argue that they are entitled to ordinary loss treatment under section 1244 because they have otherwise met that section's substantive requirements. We agree with respondent. Pursuant to the regulatory authority explicitly conferred upon the Secretary by section 1244(e), the *526 regulations require specific information to be filed by taxpayers claiming ordinary losses under section 1244. This Court has always required strict compliance with section 1244 and the regulations promulgated thereunder. See Mogab v. Commissioner,70 T.C. 208 (1978) (failure of the plan to state a maximum dollar amount as then required); Godart v. Commissioner,51 T.C. 937 (1969), affd. 425 F.2d 633 (2d Cir. 1970) (failure of the plan to state that stock must be issued within 2 years after the plan's adoption); [3]Spiegel v. Commissioner,49 T.C. 527 (1968) (denying ordinary loss treatment for the absence of a written plan as then required). The underlying reasoning of our strict construction is as follows: section 1244 being designed to provide a tax benefit to a rather limited group of taxpayers as it is, we feel that qualification for those benefits requires strict compliance with the requirements of the law and the regulations promulgated pursuant to the specific instructions therefore included in section 1244(e). [Morgan v. Commissioner,46 T.C. 878, 889 (1966).] *527 Petitioners, by their own concession, failed to satisfy the requirements of the regulation. They do not challenge the validity of the regulation, however. Instead, petitioners appear to argue that they have substantially complied with the regulation, or that they should be excused from complying because of their accountant's error. Petitioners, however, provide no legal support for these arguments, which are wholly inconsistent with the well established case law on this issue. Because we hold for respondent on his first argument, we do not address his alternative ones. Accordingly, we hold for respondent. In light of the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All references to petitioner hereafter shall be to Martin J. Cournan, and all references to petitioners shall be to both Martin J. and Carol A. Cournan.↩
3. See also Cosgrove v. Commissioner,T.C. Memo. 1987-401↩ (failure to file complete statement).